Filed 7/28/14  P. v. Kang CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMNANG KANG,<br><br>    Defendant and Appellant. | B249354<br><br>(Los Angeles County<br>Super. Ct. No. NA093628) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul A Sahagun, Judge.  Affirmed.

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Samnang Kang was charged in an information with possession of methamphetamine in violation of Health and Safety Code, section 11377, subdivision (a) after he admitted to police officers the bindle of methamphetamine they saw him discard belonged to him. He pleaded not guilty to the charge.

The trial court granted Kang's motion for discovery of police personnel records (Evid. Code, § 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531), reviewed the records at an in camera hearing and found discoverable information, which was provided to Kang.

A jury found Kang guilty as charged. The trial court sentenced Kang to the lower term of 16 months in state prison. The court awarded Kang presentence custody credit of 186 days and imposed statutory fees fines and assessments.

We appointed counsel to represent Kang on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. In an accompanying declaration, appellate counsel stated he was unable to notify Kang of his right to file a supplemental brief because Kang had been released from custody and counsel did not have Kang's current address. On March 12, 2014, we advised Kang by mail at county jail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On April 1, 2014, the notice was returned by the county jail and marked "unable to identify." After resending the notice, it was again returned on May 19, 2014, marked "released, unable to forward."

We have examined the entire record, including the transcript of the in camera hearing, and are satisfied Kang's counsel has complied fully with his responsibilities and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.


ZELON, J.


We concur:


WOODS, Acting P. J.


SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.